United States District Court
Southern District of Texas

**ENTERED**

June 17, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RAMON GAYTAN LOPEZ,<br>Petitioner, | §<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:26-cv-04251 |
| versus | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| RANDY TATE, *et al*,<br>Respondents. | §<br>§ | |

### ORDER ON DISMISSAL

Petitioner Ramon Gaytan Lopez filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 28, 2026. Dkt 1. He appears to acknowledge illegal entry into the United States at a prior date but nonetheless asserts that his present detention (i) stems from an unlawful arrest in violation of the Fourth Amendment and 8 USC §1357(a)(2), (ii) violates the Due Process Clause of the Fifth Amendment, and (iii) is otherwise not related to a legitimate government purpose. Id at ¶¶20–38.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 2–3. It further contends that each of Petitioner's arguments fails on the merits. Id at 4–10. It attaches to the motion a

copy of the notice to appear issued to Petitioner. See Dkt 5-1.

Petitioner on reply argues that the motion is procedurally improper and otherwise fails to resolve the issues raised in the petition. See Dkt 6 at 1–2.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

As indicated in the original notice to appear submitted with the motion for summary judgment, Petitioner "has not been admitted or paroled" into the United States. Dkt 5-1 at 2. He is thus subject to detention under §1225(b)(2)(A), in accord with *Buenrostro-Mendez*.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest.

The arguments presented in the petition raise only issues resolved to the contrary in the decisions cited above.

As to Petitioner's arguments on reply, he argues that fact issues remain that would prevent entry of summary judgment. See Dkt 6 at 2. But Petitioner doesn't dispute that he hasn't been admitted or paroled into the United States, as indicated in the notice to appear. No further evidence is necessary to conclude that §1225(b)(2)(A) applies to him. His claims otherwise fail as a matter of law for the reasons stated above.

Petitioner also argues that the motion for summary judgment violates Local Rule 7.1(D) by failing to include a certificate of conference. See Dkt 6 at 2. But that rule doesn't pertain to dispositive motions, which of their nature are deemed to be opposed.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Ramon Gaytan Lopez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___June 17, 2026___ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge